WILLIAM R. VELTHAUS, PLAINTIFF-APPELLANT, v.
ARNOLD D'AMBROSA, DEFENDANT-RESPONDENT.

Argued May term, 1924—Decided September 24, 1924.

**Promissory Notes—Question Reason for Their Making and Their Payment in Dispute—Evidence Clearly Shows That Any Consideration Has Been Repaid.**

On appeal from the Plainfield District Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the plaintiff-appellant, *Earl A. Merrill.*

For the defendant-respondent, *Orlando H. Dey.*

PER CURIAM.

This is plaintiff's appeal from a judgment of the Plainfield District Court, entered in favor of the defendant by the trial judge sitting without a jury.

The suit was brought by the plaintiff to recover from the defendant, on a promissory note made by defendant to the plaintiff, for $550, the $50 excess over the jurisdiction of the District Court being waived. The defense was that the note had been paid by the delivery of labor and material to the plaintiff.

It appeared that plaintiff owned a lot on which he desired to construct a dwelling. The defendant entered into an oral agreement with plaintiff to erect the building for $19,000, to be paid in installments. Plaintiff paid defendant the first two installments, amounting to $5,000, and when the third payment was due, and before it was made, a new agreement was made pursuant to which plaintiff did not make any further installments of payment to defendant, but assumed the responsibility for payment of all bills for labor and materials, from time to time as they became due.

According to the new agreement, plaintiff's first payment was in the sum of $400 to meet the payroll then due. Payment was made by check from plaintiff to defendant, and at the time this check was given plaintiff took back from defendant a promissory note in the amount of the check. The second payment was $550, likewise made by check from plaintiff to defendant, and on that date, according to the testimony, plaintiff also took from defendant a promissory note in the sum of $550. It was this promissory note which presents the basis for this action, and it appeared also that there were fourteen of such promissory notes taken, ten of which are now in suit, but only this particular note being involved in the present suit.

The plaintiff's theory was that the notes represented a loan of money made by plaintiff to defendant which had never been repaid. The defense was that no loans had in fact been made by plaintiff to defendant; that the notes had been asked for and given as receipts for evidence of the fact that the plaintiff had actually paid money in the amounts of the several notes for labor on the construction work, and that plaintiff having thus complied with his obligation to make such payments there was no money due from defendant to plaintiff on these notes; and that the indebtedness which the notes appeared to represent, had been paid and satisfied by the defendant, by the furnishing of labor and materials for the plaintiff's building. The case was thus essentially one of fact and involved no legal questions. It seems to us that the defense was abundantly made out, and that the judgment should not be disturbed.

The judgment will be affirmed.